## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | | |
|---|---|---|
| RIVERBEND WHOLESALE, LLC, | ) | |
| | ) | Case No. 1:24-cv-350 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Michael J. Dumitru |
| JJALT TRUCKING LLC, | ) | |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

## MEMORANDUM OPINION

Before the Court is Plaintiff Riverbend Wholesale, LLC's ("Riverbend") motion for default judgment against Defendant JJALT Trucking, LLC ("JJALT"). (Doc. 11.) For the following reasons, the Court will **GRANT** Riverbend's motion for default judgment.

Riverbend initiated this action against JJALT on November 1, 2024, alleging that it entered into an oral agreement under which JJALT would deliver certain equipment to Riverbend, and that JJALT failed to deliver some of the equipment despite receiving full payment from Riverbend. (*See generally* Doc. 1.) Based on its allegations, Riverbend asserted a claim for unjust enrichment against JJALT. (*Id*.) Riverbend filed a proof of service on December 4, 2024, representing that it served JJALT on December 3, 2024. (Doc. 8.) After JJALT failed to file a responsive pleading within the time required by the Federal Rules of Civil Procedure, Riverbend moved the Clerk of Court to enter default, which she did on February 7, 2025. (Doc. 10.)

On February 18, 2025, Riverbend moved for default judgment against JJALT. (Doc. 11.) In support of its motion, Riverbend filed an affidavit from its President, Kevin Hall. (Doc. 11-1.)

In his affidavit, Hall avers that: (1) JJALT agreed to deliver certain equipment to Riverbend; (2) JJALT agreed to deliver thirty-five pieces of equipment to Riverbend, including commercial trucks, trailers, and forklifts in exchange for the total amount of $468,700.00, which it paid to JJALT over the course of several wire transfers; (3) despite receiving full payment, JJALT failed to deliver twenty pieces of equipment valued at $253,000.00; and (4) JJALT has not responded to Riverbend's demand for return payment for the undelivered equipment. (*Id.*)

When a plaintiff moves for default judgment under Rule 55(b)(1), it must show by affidavit that its claim is for a sum certain or a sum that can be made certain by computation. Fed. R. Civ. P. 55(b)(1). If such a showing is made, the clerk must enter judgment for that amount and costs. *Id.* Based on Hall's affidavit, Riverbend has shown that the amount of default, $253,000.00, is a sum certain for which default judgment can be granted pursuant to Federal Rule of Civil Procedure 55(b)(1). Accordingly, Riverbend's motion for default judgment (Doc. 11) is **GRANTED** as to this amount.

**AN APPROPRIATE JUDGMENT SHALL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**